UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| SIERRA CLUB,<br>　　85 Second Street, 2nd Floor<br>　　San Francisco, CA 94105<br><br>　　　　　Plaintiff,<br><br>vs.<br><br>LISA P. JACKSON, in her official<br>capacity as Administrator, United States<br>Environmental Protection Agency,<br>　　Ariel Rios Building<br>　　1200 Pennsylvania Avenue, N.W.<br>　　Washington, D.C. 20460<br><br>　　　　　Defendant.<br>_____ | COMPLAINT FOR<br>DECLARATORY AND<br>INJUNCTIVE RELIEF<br><br>Civil Cause: 893 Environmental<br>Matters |

## COMPLAINT

Plaintiff Sierra Club, by and through its undersigned attorneys, complains as follows:

### INTRODUCTION

1.　This is a civil action for declaratory and injunctive relief, with costs and fees, under the Clean Air Act ("the Act" or "CAA"), 42 U.S.C. §§ 7401, *et seq.*, and the declaratory judgment statute, 28 U.S.C. § 2201.

2.　Sierra Club ("Plaintiff") seeks an order declaring that the Defendant, the Administrator of the Environmental Protection Agency ("Administrator"), is required to issue or deny an air pollution operating permit ("Title V permit") for the Columbia Generating Station in Columbia County, Wisconsin ("Columbia"), and an order

1

requiring the Administrator to perform her non-discretionary duty to grant or deny such permit pursuant to CAA § 505(c), 42 U.S.C. §§ 7661d(c).  Alternatively, Plaintiff seeks an order declaring that the Administrator's unreasonable delay in taking action to timely issue or deny a Title V permit for the Columbia facility was a violation of CAA § 505(c), 42 U.S.C. §§ 7661d(c), and ordering the Administrator to take necessary steps and to issue or deny the permit by a date to be set by the Court.

## PARTIES

3.     Plaintiff Sierra Club is an incorporated, not-for-profit organization with its headquarters at 85 Second Street, 2nd Floor, San Francisco, California, its Midwest Regional Office at 122 W. Wisconsin Ave., Suite 830, Madison, Wisconsin, and its Wisconsin Chapter Office at 222 S. Hamilton St., Suite 1, Madison, WI 53703-3201. Its purpose is to preserve, protect, and enhance the natural environment. Its mission includes reducing and eliminating pollution from the mining, combustion, and waste disposal of coal, which negatively affects Sierra Club's members as well as members of the public. Sierra Club has over a million members and supporters nationwide, including over 10,000 members and supporters in Wisconsin.

4.     Plaintiff's members live, work, and recreate around the Columbia station. Plaintiff's members breathe, use and enjoy the ambient air around the area of the Columbia station.  Those members are adversely affected because they are reasonably concerned about their health and their use of the air, which is impaired by the pollution from the Columbia facility.  Plaintiff's members are directly harmed by the Administrator's delay in issuing or denying a final Title V permit for Columbia because

such permit or permit denial would result in lower air pollution emissions than are currently emitted from Columbia.

5.      Additionally, Plaintiff and its members would further participate in the public processes provided for by Congress in the Clean Air Act if the Administrator would timely issue or deny a permit for Columbia.  Plaintiff and its members have the right to petition for review of the permit terms and to enforce the permit terms once the final permit is issued.  The Administrator's failure to timely grant or deny a permit for Columbia negatively affects Plaintiff's procedural rights under the CAA.

6.      Further still, the final permit is required to include monitoring and reporting of air pollution emissions and compliance with all applicable permit limits and requirements.  Plaintiff regularly reviews such reporting and has specific plans to review that reporting as to the Columbia facility.  The Administrator's failure to grant or deny a timely permit further injures Plaintiff because Columbia is not subject to monitoring and reporting all of the information of which Plaintiff plans to make use.

7.      The Defendant, Lisa Jackson, is the Administrator of the United States Environmental Protection Agency ("U.S. EPA").  The Administrator is responsible for directing the activities of the U.S. EPA and implementing the requirements of the CAA.  Specifically, the Administrator is statutorily required to issue or deny operating permits when the Wisconsin Department of Natural Resources ("DNR") fails to timely submit a revised permit in response to the Administrator's objections to a proposed permit.  42 U.S.C. § 7661d(c).

## JURISDICTION AND VENUE

8. This Court has subject matter jurisdiction over the claims set forth in this complaint pursuant 28 U.S.C. § 1331 and 28 U.S.C. § 2201. The relief requested by the Plaintiff is authorized by statute in 28 U.S.C. §§ 2201 and 2202, and 42 U.S.C. § 7604.

9. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(e) because a substantial part of the events or omissions giving right to the claim herein occurred in this District, because Defendant can be found in her official capacity within this District, and because Plaintiff maintains an office and has members that reside in this District, for purposes of the venue statute, and no property is involved. Venue is also proper in this Court pursuant to 42 U.S.C. § 7604 for Plaintiff's alternative claim for unreasonable delay because the Western District of Wisconsin is "within the circuit in which [a final permit decision] would be reviewable under [42 U.S.C. §] 7607(b)…". 42 U.S.C. § 7604(a).

## NOTICE

10. The Plaintiff gave notice pursuant to, and in compliance with, the requirements in CAA § 304(b)(2), 42 U.S.C. § 7604(b)(2), and 40 C.F.R. Part 54 for the claims herein by letter dated July 14, 2010. A true and accurate copy of the Notice is attached hereto as Exhibit A.

11. The Notice of Intent was sent, via certified mail, to all required recipients and was received by the Defendant on July 19, 2010.

12. More than 60 days have passed between Plaintiff's Notice of Intent to File Suit for the claims based on the Defendant's mandatory duties and more than 180 days

have passed between Plaintiff's Notice of Intent to File Suit for the alternative claims based on the Defendant's unreasonable delay and this First Amended Complaint.

## FACTS

13.     On October 17, 2007, Columbia submitted to DNR an application to renew its operating permit under Title V of the Clean Air Act. After the public comment process, in which Plaintiff participated, DNR issued the final permit on September 2, 2008.

14.     On September 3, 2008, Plaintiff petitioned the Administrator, pursuant to Clean Air Act § 505(b)(2) and 40 C.F.R. § 70.8(d), to object to Permit 111003090-P20 issued by the DNR to Wisconsin Power and Light (WPL, now Alliant Energy) for the Columbia Generating Station in Columbia County, Wisconsin (the Columbia facility). Following a prior lawsuit filed by Plaintiff to compel a response to its petition, *see* 42 U.S.C. § 7661d(b)(2), the Administrator issued a decision on Plaintiff's petition on October 8, 2009. The Administrator objected to the permit issued by the DNR. A true and accurate copy of the Administrator's objection is attached hereto as Exhibit B.

15.     The Administrator objected to the Columbia permit because she determined that the DNR misapplied the regulatory standard for determining whether modifications made to the facility in 2006 resulted in a significant net emissions increase for purposes of the Act's Prevention of Significant Deterioration (PSD) program. The Administrator also determined that the DNR improperly relied on certain minor source permitting exemptions to justify its permitting decision. The Administrator found that the DNR had additionally failed to respond to Sierra Club's significant comments on

5

these issues. Notably, the PSD program would require additional pollution controls and pollution analysis if DNR had correctly implemented the permitting requirements. The Administrator stated DNR shall have 90 days from receipt of the order to resolve her objection and to terminate, modify, or revoke and reissue the Columbia Title V renewal permit.

16. The DNR did nothing in response to the Administrator's October 8, 2009, objection order until approximately September 22, 2010, when DNR proposed a construction permit and Title V permit revision purporting to approve construction of the 2006 modifications at Columbia after-the-fact and finding the modifications exempt from the PSD program.

17. On November 24, 2010, U.S. EPA sent a letter to DNR stating that the proposed permit was not responsive to the Administrator's October 8, 2009, Order. Specifically, the EPA stated it was not clear whether DNR had addressed concerns with the accuracy of emissions calculations or done a proper PSD applicability analysis using the correct standard. The letter also informed DNR that the "after the fact" permitting strategy employed in the draft permit was not permissible under Wisconsin's State Implementation Plan for implementing the CAA. A true and accurate copy of EPA's November 24, 2010, letter is attached hereto as Exhibit C.

18. On November 24, 2010, the Sierra Club similarly objected the DNR's proposed "after the fact" permit and decision to exempt Columbia from PSD requirements through permit comments submitted to DNR.

19. By letter dated February 8, 2011, the DNR notified the Columbia plant that DNR it "made the determination" not to issue the draft construction and operating permits because "the proposed action will not accomplish its intended purpose" of responding to the Administrator's October 8, 2009, Order. Therefore, DNR has decided to take no action in response to the Administrator's October 8, 2009, order.

20. Even if the DNR had issued a permit, it would have no legal effect in the permitting proceeding at issue in this case because it was issued after jurisdiction passed to the Defendant to issue or deny the permit.

21. Pursuant to CAA § 505(c), 42 U.S.C. § 7661d(c), and 40 C.F.R. §§ 70.7 and 70.8, since DNR failed to address the Administrator's October 8, 2009 objection, EPA was required to issue or deny the permit within 90 days after the date of the objection. As of the date of this complaint, EPA has not issued or denied the Columbia plant permit.

22. The obligation of the Defendant to take action on the Columbia permit is not eliminated retroactively if a permitting authority, such as the DNR in this case, purports to take action on an objection after the 90 day period following the objection. Nowhere in the Clean Air Act and the applicable regulations is there a provision allowing such circumvention of the 90 day deadline. In any event, it is clear that in this case the DNR has not taken action purporting to respond to EPA's objection.

**COUNT 1-FAILURE TO PERFORM A NONDISCRETIONARY ACT OR DUTY**

23. Plaintiff incorporates paragraphs 1 through 22 here, as if set forth fully.

24. Pursuant to Clean Air Act section 505(c), 42 U.S.C. § 7661d(c), "If the permitting authority fails, <u>within 90 days after the date of an objection</u>… to submit a permit revised to meet the objection, the Administrator <u>shall</u> issue or deny the permit in accordance with the requirements of this subchapter." (emphasis added).

25. The DNR is the permitting authority for air pollution operating permits for the Columbia facility, except when the Administrator becomes the permitting authority. *See e.g.*, 42 U.S.C. § 7661b(c).

26. DNR, as the permitting authority, did not submit a permit revised to meet the Administrator's objection within 90 days of the Administrator's October 8, 2009, objection.

27. Pursuant to 42 U.S.C. §7661d(c) and 40 C.F.R. §§ 70.7 and 70.8, because DNR did not propose a revised permit within 90 days that met the Administrator's objection, DNR lost jurisdiction to issue the Columbia Title V permit and the Administrator must issue or deny the permit.

28. Upon information and belief, the Administrator has not issued or denied a permit for Columbia, as required by Clean Air Act Section 505(c), 42 U.S.C. § 7661d(c), and 40 C.F.R. §§ 70.7 and 70.8.

29. The Administrator's duty to issue or deny a permit for Columbia is not discretionary.

30. The CAA provides Plaintiff with a cause of action to compel the Administrator's non-discretionary duty to issue or deny a permit for Columbia, pursuant to CAA § 304(a), 42 U.S.C. § 7604(a).

## COUNT 2- UNREASONABLE DELAY (PLED IN THE ALTERNATIVE)

31. Plaintiff incorporates paragraphs 1 through 22 here, as if set forth fully.

32. If the Administrator's duty to issue or deny the permit is not enforceable pursuant to 42 U.S.C. § 7604(a)(2), then the Administrator's continuing failure to do so is unreasonable, and enforceable pursuant to 42 U.S.C. § 7604(a), which provides for a suit to compel "agency action unreasonably delayed."

33. The Administrator is now the permitting authority for the Columbia facility, by operation of 42 U.S.C. § 7661d(c) and 40 C.F.R. §§ 70.7 and 70.8.

34. However, the Administrator has failed to issue or deny the Title V permit for the Columbia facility for more than 12 months, which will be even longer before the Defendant responds to this pleading.

35. The Clean Air Act Title V program establishes deadlines for applicants, state permitting agencies, the public, and U.S. EPA. The deadlines are clearly intended to provide timely final permit decisions. The U.S. EPA's failure to take action in this case to issue or deny the Columbia permit for over thirteen (13) months conflicts with the Act's overall structure for timeliness.

36. Upon information and belief, the Administrator has taken insufficient steps toward issuing or denying the permit for the Columbia facility since the Administrator became the permitting authority pursuant to 42 U.S.C. §7661d(c) and will not issue or deny the permit within a reasonable time unless ordered to do so by the Court. EPA has not met its heavy burden of proof that its failure to act has been justified.

37. As an alternative to the first Count against Administrator, the CAA provides Plaintiff with a cause of action to compel agency action when the Administrator fails to perform a non-discretionary act or duty. *See* 42 U.S.C. § 7604(a). If the Administrator's duty is not enforceable under 42 U.S.C. § 7604(a)(2), the Administrator has nevertheless unreasonably delayed taking the necessary steps to issue or deny the Columbia permit.

## COUNT 3-DECLARATORY RULING

38. Plaintiff incorporates paragraphs 1 through 37 herein, as if set forth fully.

39. Pursuant to 42 U.S.C. § 7661d(c) and 40 C.F.R. §§ 70.7 and 70.8, the Administrator became the permitting authority and is responsible for issuing or denying the final permit.

40. Plaintiff respectfully requests an order from the Court declaring that the Administrator must issue or deny the permit for Columbia and that the DNR lost jurisdiction over the permit when it failed to provide a revised permit which met Administrator's objections within 90 days of the Administrator's October 8, 2009 order objecting to the Columbia permit.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays for this Court to:

A. Declare that the Administrator must issue or deny the permit for Columbia and that the DNR lost jurisdiction over the permit process when it failed to provide a revised permit to meet the Administrator's objections according to 42 U.S.C. §7661d(c) and 40 C.F.R. §§ 70.7 and 70.8;

B. Declare:

  a. that the Administrator has a non-discretionary duty to issue or deny a final permit for Columbia and that the Administrator's failure to issue or deny a permit for the Columbia facility is a violation of CAA § 505(c), 42 U.S.C. § 7661d(c), and 40 C.F.R. §§ 70.7 and 70.8; or,

  b. alternatively, that the Administrator has unreasonably delayed action to issue or deny the permit for Columbia after the DNR failed to act on the Administrator's October 8, 2009, order within 90 days;

C. Order the Administrator to issue or deny the Title V permit for Columbia without further delay;

D. Award Plaintiff the costs of this action, with reasonable attorney fees, pursuant to CAA § 304(d), 42 U.S.C. § 7604(d); and

E. Grant such other relief as is just and proper.

Dated: February 16, 2011

       Respectfully submitted,

       McGILLIVRAY WESTERBERG & BENDER LLC

       /s/ Christa Westerberg

       David C. Bender
       Christa Westerberg
       Pamela R. McGillivray
       305 S. Paterson Street
       Madison, WI 53703
       Tel. 608.310.3560
       Fax 608.310.3561
       Email:  bender@mwbattorneys.com
            westerberg@mwbattorneys.com
            mcgillivray@mwbattorneys.com

       *Attorneys for the Plaintiff Sierra Club*