UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| SIERRA CLUB, | ) |
| Plaintiff, | ) |
| v. | ) Case No. 3:11-cv-116 |
| LISA JACKSON, in her official capacity as Administrator, United States Environmental Protection Agency, | ) |
| Defendant. | ) |

JOINT PRELIMINARY PRETRIAL CONFERENCE REPORT

Plaintiff Sierra Club and Defendant, Lisa P. Jackson in her official capacity as Administrator, United States Environmental Protection Agency ("EPA"), hereby submit the following Joint Preliminary Pretrial Conference Report in accordance with this Court's Standing Order Governing Preliminary Pretrial Conferences:

1) <u>Nature of the Case</u>

This case concerns the issuance of a Clean Air Act ("CAA") Title V permit for the Columbia Generating Station in Columbia County, Wisconsin ("Columbia"). Pursuant to the Clean Air Act, the EPA is to respond to administrative petitions to object to Title V permits issued by state and local agencies. 42 U.S.C. § 7661d(b)(2). Plaintiff in this case filed such a petition and, on October 8, 2009, Defendant issued an order objecting to a permit issued by the Wisconsin Department of Natural Resources (WDNR) for Columbia facility. *See* Complaint Exhibit B.

Plaintiff alleges that WDNR did not submit a revised permit satisfying EPA's October 8, 2009, objection within ninety days, pursuant to 42 U.S.C. § 7661d(c). Therefore, Plaintiff

alleges, EPA has violated a non-discretionary duty pursuant to 42 U.S.C. § 7661d(c) to issue or deny a Title V permit "in accordance with the requirements of this subchapter." Alternatively, Plaintiff alleges that pursuant to 42 U.S.C. § 7604(a), EPA has unreasonably delayed taking action to issue or deny a Title V permit for the Columbia facility. Claims for EPA's alleged failure to perform a mandatory duty pursuant to 42 U.S.C. § 7604(a)(2) and claims for EPA's alleged unreasonable delay pursuant to 42 U.S.C. § 7604(a) are alternative claims for the same alleged failure by EPA. The contours of such claims, and a determination of which, if any, claim applies in this case will likely require resolution by the Court.

2) Related Cases

The Parties do not believe there are any related cases.

3) Material Factual and Legal Issues to be Resolved at Trial

The Parties believe that the issues to be resolved at trial, if any, are primarily legal issues. The parties anticipate that these matters may be resolved through dispositive motions. In general, the Parties have identified the following issues that will need to be resolved at trial if not first resolved through settlement or dispositive motions:

   a. With respect to liability:

Whether the Court has subject matter jurisdiction over the claims against EPA in the complaint, which are plead in the alternative, because: (1) EPA has a nondiscretionary duty to issue or deny a Title V permit for the Columbia facility; or (2) EPA has unreasonably delayed taking action to issue or deny a Title V permit for the Columbia facility.

Whether actions that have been or may be taken by WDNR in the future to respond to EPA's objections to the Title V permit obviates or moots any alleged duty for EPA to issue or deny the permit.

      b.      <u>With respect to remedy</u>:

If the Court finds that it has subject matter jurisdiction and finds that Defendant has liability, what injunctive relief is appropriate, if any, to address the violations alleged in the complaint.

4)      <u>Description and Rationale of Any Amendments to the Pleadings</u>

The Parties do not anticipate any amendments to the pleadings.

5)      <u>Identity and Rationale for Any New Parties to be Added</u>

The Parties do not anticipate adding any new parties.

6)      <u>Estimated Length of Trial</u>

The Parties believe this case can appropriately be decided on dispositive motions. If a trial is necessary, the parties believe the matter may be tried within 1 to 2 days.

7)      <u>Other Matters Affecting the Just, Speedy, and Inexpensive Disposition of the Case or Matters Affecting the Case Schedule</u>

The Parties will work cooperatively to enter into stipulations that may narrow the issues for trial.

8)      <u>Discovery Schedule</u>

*Plaintiff:* Plaintiff contends that limited discovery will be necessary. Plaintiff understands the Defendant seeks to have liability and remedy based on a certified administrative record and declarations from EPA, but Plaintiff contends that it is entitled to determine whether any additional evidence exists beyond the "record" identified by EPA and to test the veracity and basis for assertions EPA may make as to the reasons for and reasonableness of any delay. Plaintiff contends that discovery will be needed as to at least the following topics, unless stipulations can be reached between the parties:

      a.      What actions, if any, EPA has taken related to the permit for the Columbia facility

following the Wisconsin DNR's failure to act on the EPA's June 28, 2010, objection;

  b. What additional actions, if any, EPA must take leading to a final action pursuant to 42 U.S.C. § 7661d(c) and applicable regulations to issue or deny the permit for the Columbia facility;

  c. The amount of time necessary to undertake each such step; and

  d. To the extent EPA claims additional or alternative duty or duties required of it should take precedence over its action related to the Columbia facility under 42 U.S.C. § 7661d(c), all of the reasons therefore.

*Defendant:* The Defendant believes discovery is not necessary or appropriate with respect to jurisdiction or liability on the Plaintiffs' first claim – the non-discretionary duty claim - and that initial disclosures are similarly unnecessary and inappropriate. Defendant will confer with Plaintiff to establish a proposed schedule for briefing the case on cross-motions for summary judgment. With respect to Plaintiffs' second claim – seeking judicial review of allegedly unreasonably delayed agency action, Defendant believes that discovery is inappropriate.

The Parties agree that motions related to the necessity of discovery in this matter can be made on or before a date ninety (120) days from the Court's pretrial conference. If necessary, any pretrial disclosures can be made on or before a date thirty (30) days after a Court determination that discovery is appropriate in this matter. No other changes to the timing, form, or requirements for discovery or disclosures is necessary.

Respectfully submitted,


s/ Matthew R. Oakes
MATTHEW R. OAKES
United States Department of Justice
Environmental Defense Section
P.O. Box 23986
Washington, D.C. 20026-3986
Phone: (202) 514-2686
Fax: (202) 514-8865
Matthew.Oakes@usdoj.gov

*Attorney for Defendant*

DATED: October 12, 2011


Respectfully submitted,

MCGILLIVRAY WESTERBERG & BENDER LLC

s/ Matthew R. Oakes for David C. Bender
David C. Bender
211 S. Paterson Street
Suite 320
Madison, WI 53703
Telephone: (608) 310-3560
Facsimile: (608) 310-3561
E-mail: bender@mwbattorneys.com

*Attorneys for Plaintiff*

DATED: October 12, 2011

**CERTIFICATE OF SERVICE**

      The undersigned hereby certifies that on October 12, 2011, the foregoing JOINT PRELIMINARY PRETRIAL CONFERENCE REPORT was filed electronically with the Clerk of the Court using the Electronic Court Filing System, which will send notification of said document to the attorneys who have registered as CM/ECF participants and entered an appearance in this case.

                                        s/ Matthew R. Oakes
                                        Matthew R. Oakes