IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

SIERRA CLUB,

                Plaintiff,　　　　　　　　　　OPINION AND ORDER

  v.

                                               11-cv-116-wmc

LISA JACKSON, Administrator of the
United States Environmental Protection
Agency,

                Defendant.

---

      The court is in receipt of the defendant's motion for a protective order barring discovery related to the defendant's liability in this action. For the reasons that follow, the court will grant the motion to the extent plaintiff seeks discovery as to higher or competing priorities or activities generally, but will deny the motion to the extent that plaintiff may submit for the court's review specific discovery requests targeted at alleged defenses to the unreasonable delay claim.

      In its complaint, Sierra Club asserts two claims: (1) a nondiscretionary duty claim seeking to compel the United States Environmental Protection Agency ("EPA") to issue or deny an operating permit to the Columbia Generating Station in Columbia County, Wisconsin; and (2) an unreasonable delay claim seeking to compel the same action. The EPA argues that there is no factual dispute as to liability on the first claim and that "[j]udicial review of the unreasonable delay claim is based upon administrative record review principles, and thus discovery is not available." (Def.'s Mot. (dkt. #13) 1.) Sierra Club opposes defendant's motion as to its second claim that the EPA unreasonably

delayed its issuance or denial of the air pollution permit for the Columbia Generating Station, because the claim turns on the "'reasonableness' of an agency's failure to act," which is a "factual question that is appropriate subject of discovery." (Pl.'s Opp'n (dkt. #15) 2.)

In its opening brief, the EPA points to the APA's record review provisions, arguing that "when dealing with an unreasonable delay claim challenging agency inaction[,] judicial review is limited to review based upon an administrative record." (Pl.'s Mot. (dkt. #13) 7 (citing 5 U.S.C. § 706(2).) In its opposition, the Sierra Club contends that a claim of unreasonable delay brought pursuant to the Clean Air Act's ("CAA") citizen suit statute, 412 U.S.C. § 7604(a), is not governed by the APA, and specifically those provisions limiting review to the administrative record, or at least that the EPA has failed to establish the APA's application to such a claim. (Def.'s Opp'n (dkt. #15) 2.) In reply, the EPA weaves a convoluted statutory interpretation argument, sprinkled with some legislative history, but utterly fails to provide any support for its contention that the CAA does not provide its own private right of action for an unreasonable delay claim, nor that the APA necessarily governs CAA claims.

Even if the court were to agree with the EPA that the unreasonable delay claim is governed by the APA, this still would not end the inquiry. As plaintiff points out, while review of an agency's *action* can reasonably be limited to the agency's record, because that record will set forth the basis for its decision, the same is *not* true in reviewing an agency's alleged *inaction*. As the Ninth Circuit explained in *San Francisco Baykeeper v. Whitman*, 297 F.3d 877, 886 (9th Cir. 2002),

2

> Generally judicial review of agency action is based on a set administrative record. However, when a court considers a claim that an agency has failed to act in violation of a legal obligation, review is not limited to the record as it existed at any single point in time, because there is no final agency action to demarcate the limits of the record. . . . The reason for this rule is that when a court is asked to review inaction before the agency has made a final decision, these is often no official statement of the agency's justification of its actions or inactions.

(internal citations omitted); *see also Indep. Mining Co. v. Babbitt*, 105 F.3d 502, 511 (9th Cir. 1997) (affirming district court's consideration of "supplemental evidence" in evaluating an unreasonable delay claim because there is "no date certain by which to evaluate an agency's justifications for its actions" and "no official statement of the agency's actions and relevant justifications").[1]

---

[1] Defendant cites various district court opinions in support of its argument that other courts have limited inaction claims to the administrative record. Based on the summary below, the court finds the facts and/or procedural posture of these cases readily distinguishable from the claim at issue here. Regardless, the court finds the Ninth Circuit's position to be more persuasive. In *City of Santa Clarita v. U.S. Department of Interior*, No. CV 02-0697 DT(FMOX), 2005 WL 2972987, at *2 (C.D. Cal. Oct. 31, 2005), the district court acknowledged this exception to limiting judicial review to the administrative record, citing *San Francisco Baykeeper*, but concluded that the case at hand could be decided on the 30,000 page record. *See also Seattle Audubon Soc'y v. Norton*, No. C05-1835L, 2006 WL 1518895, at *3 (W.D. Wash. May 25, 2006) (noting cases which have allowed supplementation of the administrative record but opting not to in that case). In *Biodiversity Legal Foundation v. Norton*, 180 F. Supp. 2d 7, 10 (D. D.C. 2001), the court was not asked to consider whether extra-record discovery was warranted, rather as the court itself described, "the only issue before the court is whether the defendants should be required to produce the administrative record." Lastly, in *Cross Timbers Concerned Citizens v. Saginaw*, 991 F. Supp. 563, 570 (N.D. Tex. 1997), the court cited *Camp v. Pitts*, 411 U.S. 138, 142 (1973), in support of its position that "judicial review must be based on the administrative record already in existence" for both a final agency action claim and an unreasonable delay claims. The decision in *Camp v. Pitts*, however, does not support this claim. In that case, the United States Supreme Court addressed a claim that the agency "inadequately explained [its] decision," not that the agency unreasonably delayed its decision.

Accordingly, the court is persuaded that an unreasonable delay claim may warrant looking outside of the scope of the administrative record. As plaintiff suggests, for example, the court may consider whether there are other "agency activities of a higher or competing priority" to justify the agency's delay. (Pl.'s Opp'n (dkt. #15) (quoting *Telecomms. Research & Action Ctr. v. FCC*, 750 F.2d 70, 80 (D.C. Cir. 1984)).) But this inquiry -- and the discovery needed -- would only be warranted if the EPA were pursuing a defense of competing priorities as a justification for the delay underlying Sierra Club's claim here. Instead, as described in a declaration submitted by Cheryl L. Newton, the Direction of the Air and Radiation Division in Region 5 of the EPA, the agency's reason for delay concerns its ongoing interactions with the Wisconsin Department of Natural Resources and that department's efforts to address the EPA's October 2009 Order.

As such, the court sees no basis to allow the Sierra Club to pursue general discovery about the EPA's competing priorities, and will grant the EPA's motion for protective order to that extent. With this opinion in mind, the Sierra Club may submit specific discovery requests to this court for review, and if the court believes such discovery is warranted in light of the Sierra Club's unreasonable delay claim and the EPA's defenses to that claim, the court may allow the Sierra Club to serve the discovery.[2]

---

[2] Even if specific discovery request are approved, however, the court is not prejudging the possible application of a joint defense privilege barring some or all of these requests.

ORDER

IT IS ORDERED that defendant Lisa Jackson's motion for protective order barring discovery as to liability (dkt. #13) is GRANTED IN PART AND DENIED IN PART. The motion is granted as to any general discovery about competing priorities, but the Sierra Club may submit discovery requests regarding the Sierra Club's stated reason(s) for delay to this court for its review.

Entered this 16th day of July, 2012.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge